IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| **BRANCH BANKING and TRUST COMPANY, successor in interest to Colonial Bank by Asset Acquisition From the FDIC as Receiver for Colonial Bank,** )<br>)<br>)<br>)<br>)<br>)<br>) | |
| **Plaintiff,** )<br>) | |
| **v.** )<br>) | CIVIL ACTION NO.<br>2:14cv979-MHT<br>(WO) |
| **HOLLON CONSTRUCTION, LLC; ROBERT ALEXANDER HOLLON; and ROBERT LORAIN HOLLON,** )<br>)<br>)<br>) | |
| **Defendants.** ) | |

**OPINION AND ORDER**

Plaintiff Branch Banking and Trust Company (BB&T) (successor in interest to Colonial Bank) brings suit against defendants Hollon Construction, LLC, Robert Alexander Hollon, and Robert Lorain Hollon to collect amounts owed to BB&T on two promissory notes upon which the defendants allegedly defaulted. Jurisdiction is proper pursuant to 28 U.S.C. § 1332 (diversity). The case is now before the court on BB&T's renewed motion

for default judgment against only Hollon Construction. For the reasons that follow, the motion is denied with leave to renew.

"A court has an obligation to assure that there is a legitimate basis for any damage award it enters ...." Anheuser Busch, Inc. v. Philpot, 317 F.3d 1264, 1266 (11th Cir. 2003).  "[J]udgment of default awarding cash damages [may] not properly be entered without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation.  Damages may be awarded only if the record adequately reflects the basis for award via a hearing or a demonstration by detailed affidavits establishing the necessary facts." Adolph Coors Co. v. Movement Against Racism & the Klan, 777 F.2d 1538, 1543-44 (11th Cir. 1985) (internal quotations and citations omitted).

As to the first promissory note, BB&T provided the court with a copy of the note.  The promissory note and the complaint both state that the principal amount is $ 50,000.00.  The note states that the initial interest

rate is 7.250 % per annum, and that the rate increases to 18% per annum if the note goes into default. BB&T also provided the court with a demand letter, dated July 15, 2013, which its counsel sent to the defendants alleging that the interest "through 7-10" (which the court takes to mean July 10, 2013), was $ 6,842.70, and that the late charges were $ 324.57. However, BB&T has not provided any more information than that. The court does not know the date of default. The court does not know whether more late charges have been or will be added. BB&T has not shown any calculation of the current amount of interest owed, and the court does not know the date from which to calculate post-default interest.

As to the second promissory note, BB&T also provided a copy of that note. The second promissory note, as well as the complaint, states that the original principal amount on this note is $ 92,969.47. The note also states that initial interest rate is 6.5 % per annum, but the rate increases to 18 % per

annum if the note goes into default. There is a discrepancy between the complaint and the demand letter, however, as to the current principal amount as of the filing of the complaint. The complaint itself (filed September 23, 2014) states that the outstanding principal is $ 57,465.07. The demand letter dated July 15, 2013, on the other hand, states that the outstanding principal is $ 87,465.07. The court needs clarification as to the current outstanding principal. The demand letter states that the interest owed on this amount "through 7-10" is $ 16,155.52, and that the late charges are $ 577.53. Here again, the court has no more information than that. The court does not know the date of default. Though the complaint states that the second note "matured on August 25, 2010 and HC failed to pay the note upon demand", the complaint does not state whether that is the date of default. The court does not know whether more late charges have been or will be added. BB&T has not shown any calculation of the current amount of interest owed, and the court

does not know the date from which to calculate post-default interest.

BB&T has provided a copy of the receipt for the filing fee in this case, which is sufficient evidence as to that portion of the requested judgment.

Finally, BB&T has not provided any documentation of any kind as to attorneys' fees. In fact, it has not even stated the amount of the fees it wishes to collect.

The complaint adds together the two principal amounts of $ 50,000.00 and $ 57,465.07 and asks for a judgment "in the principal amount of $ 107,465.07, plus interest, late charges, court costs, and attorney's fees." However, the complaint provides no more detail as to the amounts it is actually requesting, other than to provide the exhibits as noted above. The application for entry of default, filed December 22, 2014, and the renewed motion for default judgment, filed January 27, 2015, do not update the court or provide additional detail as to any of the amounts

5

listed above.  The court requires more documentation than has been provided.

\*\*\*

Accordingly, it is ORDERED as follows:

(1) Plaintiff Branch Banking and Trust Company's renewed motion for default judgment as to Hollon Construction Company, LLC (doc. no. 16) is denied with leave to renew.

(2)  If plaintiff Branch Banking and Trust Company renews its motion, then it must provide the following:

> (a) An itemized statement of the calculation of the outstanding principal owed on each of the disputed promissory notes, including specifically the amounts of any payments that the defendants have made on them up until the time of plaintiff's filing of the new renewed motion, along with the dates that those payments were made.

(b) A <u>detailed</u> breakdown of the interest calculations as to both notes. This statement must include any relevant dates, such as when the interest amounts are compounded and added to the principal (if indeed they are). The statement should also indicate how much interest is owed as of the time that plaintiff files the new renewed motion.

(c) A statement of how the late charges are calculated, as well as a statement of the outstanding late charges at the time that plaintiff files the new renewed motion.

(d) An itemized bill for any attorneys' fees sought.

(e) Documentation of any court costs or fees incurred, even though it has already provided the receipt for the court filing fee.

(f) An affidavit to the effect that defendant Hollon Construction, LLC is neither an infant

      nor incompetent. <u>See</u> Fed. R. Civ. P. 55(b)(2).

(g) An affidavit "(A) stating whether or not the defendant is in military service and showing necessary facts to support the affidavit; or (B) if the plaintiff is unable to determine whether or not the defendant is in military service, stating that the plaintiff is unable to determine whether or not the defendant is in military service," as required by the Servicemembers Civil Relief Act, 50 App. U.S.C. § 521(a) & (b).

(h) Finally, if plaintiff wishes that the court award to it any amounts not mentioned above, it should so state and provide a similarly-detailed accounting of such a request.

DONE, this the 28th day of September, 2015.

                              /s/ Myron H. Thompson
                              UNITED STATES DISTRICT JUDGE